**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

SHANNON H.,[1]   )
   )
   Plaintiff,   )
   )
v.   )   Civil Action No. 3:23-cv-460–HEH
   )
MARTIN O'MALLEY,   )
Commissioner of Social Security,[2]   )
   )
   Defendant.   )
_____   )

## MEMORANDUM OPINION
### (Adopting Magistrate Judge's Report and Recommendation)

In this action, Plaintiff challenges the Social Security Administration's ("SSA" or

"Commissioner") denial of her Title XVI application for Supplemental Security Income

("SSI").[3]  The matter is presently before the Court on the Report and Recommendation

("R&R") filed pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable Summer L.

Speight, United States Magistrate Judge ("Magistrate Judge"), on June 14, 2024.  (ECF

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants by only their first names and last initials.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

[3] Plaintiff also filed an application for Title II disability insurance benefits but later withdrew that application.  (R. at 17–18.)  Therefore, the ALJ's decision addresses only Plaintiff's application for SSI.  (*Id.* at 18.)

No. 19.)  The Magistrate Judge's R&R addressed the parties' cross-motions for summary judgment (ECF Nos. 15, 18) and recommended the Court affirm the SSA's decision.  (R&R at 2.)  Plaintiff has filed Objections to the R&R (ECF No. 20), and the Commissioner has responded thereto (ECF No. 21).  The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid the Court in its decisional process.  *See* E.D. VA. LOC. CIV. R. 7(J).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007))).  In conducting its review, this Court "may accept, reject, or modify, in whole or in part," the Magistrate Judge's recommended disposition of the case.  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

## I. BACKGROUND

On September 20, 2019, Plaintiff applied for Social Security Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act").  In Plaintiff's application, she alleged disability from bipolar disorder, borderline personality disorder, fibromyalgia, irritable bowel syndrome ("IBS"), and chronic fatigue.  (R. at 20, 211.)  The SSA denied Plaintiff's claims both initially and upon reconsideration.  (*Id.* at 63–64, 80–81.)  Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which took place on

November 1, 2022. (*Id.* at 38–62, 135–40.)  On November 18, 2022, the ALJ issued a written opinion, finding that Plaintiff was not disabled under the Act. (*Id.* at 17–31.)  On May 23, 2023, the SSA Appeals Council denied Plaintiff's request for review of the ALJ's decision, rendering the ALJ's decision the final decision of the Commissioner. (*Id.* at 1–3.)

### A. The ALJ's Five-Step Evaluation Process

In making the disability determination, the ALJ followed the five-step evaluation process pursuant to SSA regulations. *See* 20 C.F.R. § 404.1520(a)(4); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015).  The ALJ assessed Plaintiff's medical records and weighed the opinions of Joseph Leizer, Ph.D. ("Dr. Leizer") and Richard Luck, Ph.D. ("Dr. Luck").

At step one of the evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity[4] since December 17, 2020.  (R. at 20.)  At step two, the ALJ determined that Plaintiff had the following severe impairments: (1) IBS, (2) fibromyalgia, (3) obesity, (4) depression, (5) bipolar disorder, and (6) borderline personality disorder. (*Id.*)  At step three, the ALJ concluded that Plaintiff did not have an impairment, individually or in combination, which medically equaled the severity of one of the listed impairments in the regulations. (*Id.*); *see* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

---

[4] Substantial gainful activity is work that is both substantial and gainful as defined by the Agency in the C.F.R.  Substantial work activity is "work activity that involves doing significant physical or mental activities," which may include work that "is done on a part-time basis" or work that comes with less pay or responsibility than a person's prior work history.  20 C.F.R. § 404.1572(a).  Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." *Id.* § 404.1572(b).

Between steps three and four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), *see* 20 C.F.R. §§ 40.1520(a)(4), (e), 404.1545(a), which the ALJ used during the remaining steps of the evaluation process. The ALJ determined that Plaintiff retained the ability to perform medium work as defined in 20 CFR § 404.1567(c), with some limitations:

> She is able to understand, remember, and carry out simple routine tasks for two hours at a time with normal breaks. She is able to concentrate, persist, and maintain pace to complete goal-oriented task[s] that do not require quotas, assembly line work, or production rate pace. She may have occasional contact with coworkers and supervisors but no contact with the public in settings where tasks involve work primarily with objects rather than people. She is able to adapt to occasional workplace changes.

(R. at 23.) The ALJ considered "all symptoms and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (*Id.*) Here, the ALJ weighed the testimony of Dr. Leizer and Dr. Luck, and the evidence presented at the hearing level, particularly evidence of Plaintiff's daily activities. (*Id.* at 24–29) At step four, based on the ALJ's RFC findings, the ALJ concluded that Plaintiff was incapable of performing past relevant work. (*Id.* at 29.)

At step five, the ALJ found that there were a significant number of jobs within the medium work category in the national economy that Plaintiff could perform. (*Id.* at 29–30.) The ALJ came to this conclusion after considering the vocational factors, including that she met the definition of a younger individual on the alleged onset date and had at least a high school education, and Plaintiff could perform the requirements of an industrial cleaner, counter supply worker, and day worker. (*Id.*) Therefore, the ALJ concluded that Plaintiff was not disabled under the Act. (*Id.* at 30.)

4

**B.  The ALJ's Evaluation of Dr. Leizer's and Dr. Luck's Medical Opinion**

The ALJ evaluated Dr. Leizer's and Dr. Luck's medical opinions, summarized his findings, and concluded that their opinions were partially persuasive, as required by 20 C.F.R. § 404.1520c.  (R&R at 12.)  The ALJ noted:

> Joseph Leizer, Ph.D. reviewed the medical evidence of record and opined the claimant has moderate limitation understanding, remembering, or applying information; moderate limitation interacting with others; moderate limitation with regard to concentrating, persisting, or maintaining pace; and mild limitation for adapting or managing oneself. Dr. Leizer further opined the claimant is capable of remembering and carrying out very short and simple instructions, making simple work-related decisions, working in coordination with or in proximity to others, and interacting appropriately with the general public and getting along with coworkers, but she would be limited to unskilled work and should have occasional interactions with the general public and coworkers (Exhibit 3A). On January 5, 2022, State agency psychological consultant, Richard Luck, Ph.D. reviewed the medical evidence of record and affirmed the aforementioned assessment upon reconsideration with the addition of being able to perform simple routine tasks and eliminating occasional interaction with others (Exhibit 8A). The undersigned has considered these opinions as partially persuasive to the extent their review of the evidence of depression, personality disorder, and related symptomology, but some normal psychiatric/mental status examination findings support a majority of the moderate limitations documented in their summaries. However, the undersigned finds these opinions somewhat internally inconsistent as well as inconsistent with the evidence presented at the hearing level depicts greater concentration and social restrictions warranting the additional residual functional capacity limitations assessed hereinabove.

(R. at 25.)

Plaintiff contended, *inter alia*, that the ALJ did not adequately explain why Dr. Leizer's and Dr. Luck's opinions were not adopted.  The Magistrate Judge carefully weighed Plaintiff's evidence against the ALJ's finding that Dr. Leizer's and Dr. Luck's opinions were only partially persuasive and not indicative of Plaintiff's full capabilities.

5

Ultimately, the Magistrate Judge concluded that the ALJ satisfied the regulations. (R&R at 15–16.) The Magistrate Judge explained that—contrary to Plaintiff's contentions—the ALJ did not in fact reject the doctors' findings, but even if the ALJ did, the decision as a whole provided an adequate explanation. (*Id.* at 13–14.) The Magistrate Judge determined that the ALJ adequately weighed the record evidence and accordingly provided an adequate explanation and analysis. (*Id.* at 14–15.)

### C. The Magistrate Judge's Conclusion

Based on the analysis of the ALJ's findings and Plaintiff's evidence, the Magistrate Judge recommended to this Court, pursuant to 42 U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. (R&R at 16); *see also* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

On June 28, 2024, Plaintiff filed objections to the Magistrate Judge's R&R. Plaintiff first contends that the Magistrate Judge improperly relied on Dr. Leizer's and Dr. Luck's capacities ratings, rather than their actual mental residual functional capacity assessments. (Pl.'s Obj. at 1.) Similarly, Plaintiff argues the ALJ averred in its narrative assessment that Dr. Leizer and Dr. Luck found Plaintiff had no limitations in carrying out very short and simple instructions. (*Id.* at 2.) Ultimately, Plaintiff's objections challenge the ALJ and Magistrate Judge's finding that Plaintiff is capable of performing jobs

6

requiring a GED Reasoning Level of 2. (*Id.* at 3.)  Finally, Plaintiff also posits the ALJ

inadequately explained its rejection of Dr. Leizer's and Dr. Luck's opinions.  (*Id.*)

     In his response, the Commissioner maintains that the Magistrate Judge correctly

found that substantial evidence supports the ALJ's RFC and the determination that

Plaintiff's impairments did not warrant a limitation to very short instructions.  (Def.'s

Resp. at 3–7, ECF No. 21.)  Therefore, the Commissioner urges the Court to overrule

Plaintiff's objections, adopt the R&R, deny Plaintiff's Motion for Summary Judgment,

grant Defendant's Motion for Summary Judgment, and affirm the ALJ's decision.

(*Id.* at 7.)

## II. DISCUSSION

     When reviewing the decision of an ALJ, the reviewing court "must uphold the

factual findings of the [ALJ] if they are supported by substantial evidence and were

reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d

470, 472 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir.

2005)) (alteration in original).  When assessing "substantial evidence," the Court looks

for "evidence which a reasoning mind would accept as sufficient to support a particular

conclusion," which is "more than a mere scintilla of evidence but may be somewhat less

than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)); *see also Biestek v. Berryhill*, 139

S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an

existing administrative record and asks whether it contains 'sufficien[t] evidence' to

support the agency's factual determinations." (citing *Consol. Edison Co. of N.Y. v. NLRB*,

305 U.S. 197, 229 (1938)) (alteration in original)).

The Court cannot "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock*, 667 F.3d at 472 (quoting *Johnson*, 434 F.3d at 653) (second alteration in original); *see also Biestek*, 139 S. Ct. at 1156 (describing the substantial evidence standard as "deferential"). "A factual finding by the ALJ is not binding[,] [however,] if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

In line with this standard and having reviewed the record, Plaintiff's Objections, and the Magistrate Judge's R&R, this Court finds that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law as to the arguments asserted by Plaintiff, which were properly reviewed and rejected by the Magistrate Judge. Accordingly, Plaintiff's objections will be overruled.

## A. Substantial Evidence Supports the ALJ's Residual Function Capacity and the Determination that Plaintiff's Impairments Did Not Warrant a Limitation to Very Short Instructions.

Plaintiff objects to the ALJ's conclusion based on Dr. Leizer's and Dr. Luck's opinions that Plaintiff is not limited to jobs requiring no more than very short instructions. (Pl.'s Obj. at 3.) Plaintiff's argument can be distilled into a few basic premises. First, Dr. Leizer and Dr. Luck opined, in their narratives, that Plaintiff is "able to carry out very short and simple instructions." (R. at 72.) Second, RFC ratings are not part of the RFC assessment. (Pl.'s Obj. at 1–2.) Third, the ALJ and Magistrate Judge both relied on the RFC ratings, rather than the narratives, to find that Plaintiff "had no

significant limitation in understanding, remembering, and carrying out very short and simple instructions." (*Id.* at 2 (citing R&R at 13).)  Accordingly, the ALJ rejected Dr. Leizer's and Dr. Luck's opinions and failed to explain why the opinions were not adopted. (Pl.'s Obj. at 3.)  These objections were substantially the same the Magistrate Judge addressed in the R&R.  (R&R at 13–14.)

The ALJ, as required by 20 C.F.R. §§ 404.1545, assessed all the "medical and nonmedical evidence."  The ALJ's assessment of the evidence led to the finding that Dr. Leizer's and Dr. Luck's opinions were only "partially persuasive." (R. at 27.)  After analyzing the evidence presented during Plaintiff's hearing, the ALJ identified inconsistencies between the opinions of Dr. Leizer and Dr. Luck and the hearing evidence. (*Id.*)  The ALJ observed that evidence of Plaintiff's daily activities indicated she was capable of "taking care of pet cats, performing independent personal care, preparing simple meals, using the dishwasher, doing laundry, beading and making jewelry, watching TV/movies, paying bills, driving, shopping by phone/computer and in stores, doing things with a friend and her boyfriend, and emailing, texting and video chatting with others." (*Id.* at 29.)  These activities, the ALJ found, "are inconsistent with disability." (*Id.*)

While the Magistrate Judge may have relied on the RFC rating in the R&R, the ALJ did not.  The ALJ noted Plaintiff is "capable of remembering and carrying out very short and simple instructions," never mentioning "no significant limitation." (*Id.* at 26.)  Rather, the ALJ concluded *other* evidence was inconsistent with the doctors' opinions and accordingly tailored a more fitting RFC. (*Id.* at 29.)  Consequently, the Magistrate

9

Judge correctly found the ALJ's decision was based substantial evidence.  (R&R at 2.) The Magistrate Judge also correctly found that the ALJ did not reject Dr. Leizer's and Dr. Luck's opinions when they identified inconsistencies between their opinions and other evidence.  (*Id.* at 14.)  "Furthermore, Plaintiff has not provided controlling authority requiring an ALJ to adopt all limitations included in an opinion the ALJ has found to be partially persuasive, or to explain the decision not to adopt those limitations."  *Burns v. Kijakazi*, 5:21-cv-00179-WCM, 2023 WL 2061248, at *3 (W.D.N.C Feb 16, 2023). However, even if the ALJ was required to clearly explain the decision, the inconsistencies the ALJ articulated about Plaintiff's daily activities would satisfy this requirement.  Thus, Plaintiff's objections will be overruled.

### III. CONCLUSION

This Court finds that the ALJ followed the five-step evaluation process, pursuant to SSA regulations, and properly evaluated the medical opinions of Dr. Leizer and Dr. Luck, after considering the required 20 C.F.R. § 404.1520c factors.  Therefore, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's findings. For these reasons, the Court will accept and adopt the Magistrate Judge's Report and Recommendation (ECF No. 19).  Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 15) will be denied, and Defendant's Motion for Summary Judgment (ECF No. 18) will be granted.  The Commissioner's decision will be affirmed.

An appropriate Final Order will accompany this Memorandum Opinion.

_____ /s/

Henry E. Hudson
Senior United States District Judge

Date: Sept. 27, 2024
Richmond, Virginia

11